## Commonwealth v. Gahagan

*Charles F. Kelley*, district attorney, and *John M. Maurer*, assistant district attorney, for Commonwealth.

*Ben-Zion D. Oliensis*, for defendant.

STERN, P. J., January 23, 1933.—The petition to quash the indictment is based upon two principal grounds: First, that the indictment was presented to the grand jury by the district attorney without the usual preliminary hearing and binding over by a magistrate; and, second, that the Act of May 1, 1929, P. L. 1037, with the violation of which the defendant is charged, was repealed by the Act of May 21, 1931, P. L. 149.

1. There would seem to be no question but that, with the consent of the court (which was granted in the present instance), it was within the power of the

district attorney to present the indictment to the grand jury under the circumstances of this case. That such power exists is convincingly shown by Sadler in his Criminal Procedure in Pennsylvania, pages 238-239, and cases there cited, and by the numerous cases cited in the Commonwealth's brief. The defendant had a hearing before a magistrate and as a consequence thereof was duly held for court; an indictment was found but quashed merely because of a procedural reason; the defendant lost no substantial right by the action of the court in permitting another true bill to be found without the defendant being given a second hearing before a magistrate on the same charge.

2. The Act of May 1, 1929, under which the defendant was indicted, was repealed by the Act of May 21, 1931, but the latter act contained a saving clause, section twenty-three (P. L. 164), as follows:

"The passage of this act shall not be taken or construed . . . to affect or terminate any petitions, investigations, prosecutions, legal or other proceedings pending under such laws, or to prevent the commencement of any legal proceedings for violaitons of such laws heretofore committed, or for the recovery of taxes, penalties, or interest due or owing to the Commonwealth under such laws."

The context indicates that by "such laws" is meant "laws in force at the time this act becomes effective."

The petitioner contends that the quashing of the first indictment terminated the then existing proceedings, and that the finding of a second true bill by the grand jury was, therefore, the commencement of a new prosecution. The defendant further contends that such commencement was not justified by the saving clause above quoted, because such clause provides for the commencement merely of "legal proceedings for violations of such laws," but does not provide for the commencement of "prosecutions." In other words, the defendant claims that the wording of the saving clause is such that "prosecutions" could be continued after the passage of the new act if they were then pending, but could not thereafter be commenced.

Having in mind that the defendant is entitled, if the clause be ambiguous, to a strict interpretation in his favor, nevertheless it would seem to the court that the construction contended for by the defendant would be a strained one. While it is true that the clause in referring to the continuation of then pending proceedings uses a number of terms, such as "petitions, investigations, prosecutions, legal or other proceedings," while in referring to the commencement of actions it uses only the term "legal proceedings," it seems to the court obvious that "legal proceedings" in both phrases is used in a general sense, and the fact that other terms were joined with it in the one phrase was not intended to limit its generality as used in the other. This becomes the more apparent when we take into consideration the concluding words of the section, namely, "or for the recovery of taxes, penalties, or interest due or owing to the Commonwealth under such laws." If, as contended by the defendant, the term "legal proceedings" was intended merely to refer to civil proceedings for the recovery of sums due the Commonwealth, there would have been no point in employing the last-mentioned phrase as additional to "legal proceedings." It is evident that "legal proceedings" must have been intended to mean something different from "the recovery of taxes, penalties, or interest due or owing to the Commonwealth." The only different meaning that it could have would be that of criminal prosecutions, or at least inclusive of such prosecutions.

Be this as it may, however, it is clear to the court that the present indictment did not represent the commencement of a legal proceeding, but, on the contrary, that it was the continuance of a criminal prosecution. Judge MacNeille,

in the order in which he quashed the first indictment, stated that such action was taken for the sole reason that the bill had been found true at a session later than that for which the defendant had entered bail for his appearance (notice not having been given to the defendant), and in this very order he directed the district attorney to present a new bill of indictment, with notice to the defendant. The situation, therefore, was that a prosecution had been begun by the swearing out of a warrant, followed by a hearing before a magistrate and the binding over of the defendant under bail. The mere quashing of the first bill of indictment, coupled with the accompanying direction to the district attorney to present a new bill, did not terminate the prosecution, but merely remedied a defect in one part of the proceedings and at the same time directed the proper continuance of the prosecution; the proceedings before the magistrate and the return of the magistrate still remained in force as the continuing basis of the new bill of indictment. Of course, if an indictment were quashed, or a demurrer thereto sustained, on the ground that it did not set forth a criminal offense, or for some other substantial reason that spelled finality, it might well be that the prosecution thereby would be terminated, and that if any other prosecution were begun it would have to be by a new arrest and hearing before a magistrate. The present is obviously a different case.

The court, therefore, holds that the present bill of indictment is merely a continuance of the prosecution pending at the time the Act of May 21, 1931, was passed, but that, even if it be regarded as a new proceeding, it was valid under the saving clause of that act as coming within the meaning of the phrase providing for the commencement of "legal proceedings."

For these reasons the rule to quash the indictment is discharged and the petition dismissed.